# Wytheville.

## STONE v. CALDWELL, CLERK.

### JUNE 20, 1901.

1. DELINQUENT LANDS—*Purchase from Commonwealth—Fees of Officers.*— The fees prescribed by section 666 of the Code, as amended (Acts 1899-1900, page 855) are intended to compensate the officers for the services therein enumerated, but other incidental duties are imposed upon the clerks, the compensation for which is not specifically provided, and for which they are entitled to demand the fees allowed by chapter 172 of the Code. If these are not paid or secured, the clerk may refuse to receive and file an application to purchase from the Commonwealth.

2. DELINQUENT LANDS—*Offer to Purchase—Clerk's Fees.*—On an application to purchase delinquent lands from the Commonwealth, the clerk is entitled to charge for only one statement of the amount of purchase money required, and one calculation of interest for the entire time the land was delinquent, although it may have been delinquent for a number of years.

Original application for a *mandamus.*

*Refused.*

The opinion states the case.

*J. D. Smith,* for the petitioner.

No counsel for the defendant.

WHITTLE, J., delivered the opinion of the court:

The petitioner, who desired to purchase certain lots in Radford, alleged to be delinquent for the non-payment of taxes,

presented his application to the clerk of the Hustings Court of
that city, and tendered him three dollars and eighteen cents,
being ten *per centum* of the amount of the proposed purchase
price of the property, also sixty cents, the fee prescribed for
making three copies of the application, and the further sum of
fifty cents, the fee allowed the clerk for compiling a statement
and computing the interest due on the amount for which the
taxes were returned delinquent. But the clerk refused to receive
and file the application, insisting that he was entitled to other
fees in addition to those tendered, his right to which the peti-
tioner denied, and declined to pay.

The prayer of the petition is, that a peremptory writ of
*mandamus* be awarded to compel the clerk to receive and file
petitioner's application upon the payment by him of the afore-
mentioned fees.

An application to purchase delinquent lands involves the
issuance, service, and return of process (copies of the applica-
tion), and judicial action on the part of the court. It partakes
therefore of the nature of a *suit*.

The fees prescribed by section 666 of the Code, as amended
(Acts 1899-1900, p. 855), are intended to compensate the officers
for the services therein enumerated; but the statutes in relation
to the sale of delinquent lands, impose upon clerks the perform-
ance of incidental duties, compensation for which is not speci-
fically provided for, and for which they have a right to demand
the fees allowed for such services by chapter 172 of the Code.

Thus, they are entitled to a fee of fifteen cents for filing
application to purchase land; for entering name of attorney, ten
cents; for docketing application, eighteen cents; for search, if
one is made, ten cents; for noting application and taking officer's
receipt therefor, eighteen cents; for taxing costs, twenty cents;
for filing application among ended causes, twenty cents; and, by
section 666 as amended, for each copy of application, twenty
cents (in this case, for three copies, sixty cents); and for state-

ment and computing interest on amount of delinquent taxes, fifty cents, whether for one or more years. The statute does not contemplate that the clerk shall make separate statements and interest calculations for each year the land is delinquent, and charge a fee therefor, but that he shall make *one statement and one calculation* of interest for the entire time, for which he shall charge a fee of fifty cents.

It appears that the petitioner, M. L. Stone, did not tender to the clerk, M. M. Caldwell, the fees to which he was lawfully entitled in this case. The prayer of his petition for a peremptory writ of *mandamus* is, therefore, denied with costs.

*Refused.*